**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **ROSIE MARY WILLIAMS-ROGERS, Individually and as Personal Representative of the Estate of EDDIE LEE WINSTON, Deceased; HERMAN LEE WINSTON; EUNICE NITA NELSON; and BERNICE LOFTON WINSTON, et ux,** | |
| *Plaintiffs,* | |
| **vs.** | **CIVIL ACTION NO.** |
| | **_____** |
| **BUFFALO PUMPS, INC.;** | |
| **ELLIOTT COMPANY (a/k/a ELLIOTT TURBOMACHINERY COMPANY and ELLIOTT TURBOMACHINERY COMPANY, INC.);** | |
| **FOSTER WHEELER ENERGY CORPORATION;** | |
| **GENERAL ELECTRIC COMPANY;** | |
| **GOULDS PUMPS INCORPORATED;** | |
| **IMO INDUSTRIES, INC. (Individually and as successor-in-interest to DeLaval Turbine, Inc.);** | |
| **INGALLS SHIPBUILDING, INC.;** | |

**LESLIE CONTROLS, INC.;**

**LITTON INDUSTRIES, INC.;**

**NORTHROP GRUMMAN CORPORATION;**

**VIACOM, INC. (Individually and as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION);**

**WARREN PUMPS, LLC;**

**YARWAY CORPORATION;**

*Defendants.*

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

**ROSIE MARY WILLIAMS-ROGERS, Individually and as Personal Representative of the Estate of EDDIE LEE WINSTON, Deceased; HERMAN LEE WINSTON; EUNICE NITA NELSON; and BERNICE LOFTON WINSTON, et ux,**, hereinafter collectively referred to as "Plaintiffs" and individually referred to as "Plaintiff" when referencing Eddie Lee Winston, deceased, complain of the various Defendants listed below and for causes of action would show the Court and Jury as follows:

1.  The court has jurisdiction over the lawsuit under 28 U.S.C. section 1332(a) because Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds $75,000 excluding interest and costs.

2.  All conditions precedent have been performed or have occurred.

3.      Eddie Lee Winston died from malignant mesothelioma on July 2, 2007.

4.      The Plaintiffs in this matter are as follows:

A.      **ROSIE MARY WILLIAMS-ROGERS, Individually and as Personal Representative of the Estate of EDDIE LEE WINSTON, Deceased. ROSIE MARY WILLIAMS-ROGERS (SS# 1004) resides at 10040 B Boe Rd., St. Elmo, AL 36568.**

B.      **HERMAN LEE WINSTON (SS# 6959) resides at 10050 Boe Rd., St. Elmo, AL 36568.**

C.      **EUNICE NITA NELSON (SS# 9784) resides at 10040 A Boe Rd., St. Elmo, AL 36568.**

D.      **BERNICE LOFTON WINSTON, et ux, (SS#1878) resides at 10050 Boe Rd., St. Elmo, AL 36568.**

5.      The defendants in this matter are as follows:

A.      **Defendant BUFFALO PUMPS, INC. is a corporation that may be served with process by serving its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  This defendant is being sued as a manufacturer and supplier defendant.**

B.      **Defendant ELLIOTT COMPANY (a/k/a ELLIOTT TURBOMACHINERY COMPANY and ELLIOTT TURBOMACHINERY COMPANY, INC.) is a corporation that may be served with process by serving its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  This defendant is being sued as a manufacturer and supplier defendant.**

C.      **Defendant FOSTER WHEELER ENERGY CORPORATION is a corporation that may be served with process by serving its registered agent at CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.  This defendant is being sued as a manufacturer and supplier defendant.**

D.      Defendant **GENERAL ELECTRIC COMPANY** is a corporation that may be served with process by serving its registered agent at CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201. This defendant is being sued as a manufacturer and supplier defendant.

E.      Defendant **GOULDS PUMPS INCORPORATED** is a corporation that may be served with process by serving its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. This defendant is being sued as a manufacturer and supplier defendant.

F.      Defendant **IMO INDUSTRIES, INC. (Individually and as successor-in-interest to DeLaval Turbine, Inc.)** is a corporation that may be served with process by serving its registered agent at Corporation Services Company d/b/a CSC Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701. This defendant is being sued as a manufacturer and supplier defendant.

Defendant **INGALLS SHIPBUILDING, INC.** is a corporation that may be served with process by serving its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. This defendant is being sued as an employer and premises defendant.

G.      Defendant **LESLIE CONTROLS, INC.** is a corporation that may be served with process by serving its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. This defendant is being sued as a manufacturer and supplier defendant.

Defendant **LITTON INDUSTRIES, INC.** is a corporation that may be served with process by serving its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. This defendant is being sued as an employer and premises defendant.

H.      Defendant **NORTHROP GRUMMAN CORPORATION** is a corporation that may be served with process by serving its registered agent at CT Corporation System, 818 West 7th Street, Los Angeles, CA 90017. This defendant is being sued as an employer and premises defendant.

I.      **Defendant VIACOM, INC. (Individually and as successor-by-merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION) is a corporation that may be served with process by serving its registered agent at Corporation Services Company d/b/a CSC Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.  This defendant is being sued as a manufacturer and supplier defendant.**

J.      **Defendant WARREN PUMPS, LLC is a corporation that may be served with process by serving its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  This defendant is being sued as a manufacturer and supplier defendant.**

K.      **Defendant YARWAY CORPORATION is a corporation that may be served with process by serving its registered agent at CT Corporation, 116 Pine Street, Harrisburg, PA 17101.  This defendant is being sued as a manufacturer and supplier defendant.**

6.      This action is brought and these allegations are made pursuant to state and federal law.

## COUNT ONE

## NEGLIGENCE AND PRODUCTS LIABILITY ALLEGATIONS AGAINST

## MANUFACTURER AND SUPPLIER DEFENDANTS

7.      All of the allegations contained in the previous paragraphs are realleged herein.

8.      Plaintiffs allege that Eddie Lee Winston was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in his occupation: as a laborer, welder, painter, pipefitter, and shipfitter, while working at the Pascagoula Ship Yards in and around Pascagoula, MS and at various other work sites from approximately

1954 to 1993.  Each Defendant corporation or its predecessor-in-interest, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiffs would show that Eddie Lee Winston had been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, had inhaled great quantities of asbestos fibers. Further, Plaintiffs allege, as more specifically set out below, that Eddie Lee Winston has suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.  In that each exposure to such products caused or contributed to Plaintiff's injuries, Plaintiffs state that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

9.    Eddie Lee Winston was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, designed and/or distributed by the Defendants and/or their predecessors-in-interest.  Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products

and/or machinery were in this defective condition at the time they were designed by and/or left the hands of Defendants.  Plaintiffs would show that Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products.  Plaintiffs would show that this market defect rendered such products and/or machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Defendants.  Plaintiffs would show that Defendants are liable in product liability including, but not limited to, strict product liability for the above-described defects.

10.   The Defendants are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting into the stream of commerce asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce were a proximate and/or producing cause of the injuries of Plaintiffs and Plaintiff's death.

11.   Defendants knew that these asbestos-containing products and/or machinery

would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

12.    Eddie Lee Winston was unaware of the hazards and defects in the asbestos-containing products and machinery of the Defendants, which made them unsafe for purposes of manipulation and/or installation and/or use.

13.    During the periods that Eddie Lee Winston was exposed to the asbestos-containing products and machinery of the Defendants, these asbestos-containing products and machinery were being utilized in a manner which was intended by Defendants.

14.    In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products at all times material to the cause of action.  Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

15.    The illness, disabilities and death of Eddie Lee Winston are a direct and

proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, designed, sold and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and machinery calling for the use of asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Eddie Lee Winston's health and well-being. Certain Defendants created hazardous and deadly conditions to which Eddie Lee Winston  was exposed and which caused Eddie Lee Winston  to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Eddie Lee Winston's illness, disabilities and death:

(a)     in failing to timely and adequately warn Eddie Lee Winston of the dangerous characteristics and serious health hazards associated with exposure to asbestos;

(b)     in failing to provide Eddie Lee Winston  with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect him from being harmed and disabled by exposure to asbestos;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or the machinery intended to grind

asbestos-containing friction products to warn of the dangers to health of coming into contact with asbestos;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling asbestos-containing friction products;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing friction products;

(f)     in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery intended to grind asbestos-containing friction products for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)     in failing to recall and/or remove from the stream of commerce said asbestos-containing products and machinery intended to grind asbestos-containing friction products despite knowledge of the unsafe and dangerous nature of such products or machinery.

16.     Plaintiffs disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave.  Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from

any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

## COUNT TWO

## CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS

17. All of the factual allegations contained in the previous paragraphs are realleged herein.

18. Additionally or in the alternative, if same be necessary, Plaintiffs further allege that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves to cause Eddie Lee Winston's injuries, diseases, illnesses and death by exposing Eddie Lee Winston to harmful and dangerous asbestos-containing products. Defendants further knowingly agreed, contrived, combined, confederated and conspired to deprive Eddie Lee Winston of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery intended to grind asbestos-containing friction products or to expose himself to said dangers. Defendants committed the above described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and machinery.

19. In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)     for many decades, Defendants, individually, jointly, and in conspiracy with each other, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products was unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)     despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other, fraudulently, willfully, and maliciously:

    (1)     withheld, concealed and suppressed said medical and scientific data, literature, and test reports regarding the risks of asbestosis, cancer, mesothelioma, and other illnesses and diseases from Eddie Lee Winston  who was using and being exposed to asbestos-containing products;

    (2)     caused to be released, published and disseminated medical and scientific data, literature, and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and

misleading; and

(3)    distorted the results of medical examinations conducted upon workers such as Eddie Lee Winston who were using asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Eddie Lee Winston and workers such as Eddie Lee Winston have suffered.

20.    Eddie Lee Winston reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products.

21.    As a direct and proximate result of Eddie Lee Winston's reliance on Defendants' false and fraudulent representations, omissions and concealments, Plaintiffs have sustained damages including injuries, illnesses, disabilities and death, and have been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' products.

22.    As a direct and proximate result of Defendants' ongoing actions, Plaintiffs continue to sustain damages. Further, Plaintiffs allege the cause of action of breach of contract against any defendant herein who has entered into a binding agreement with the Plaintiffs and has failed to comply with said agreement.

## COUNT THREE

## GROSS NEGLIGENCE ALLEGATIONS AGAINST ALL DEFENDANTS

23.   All of the factual allegations contained in the previous paragraphs are realleged herein.

24.   Additionally or in the alternative, Plaintiffs allege as follows: The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged herein above, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damages and/or injuries to Plaintiffs.   More specifically, Defendants and their predecessors-in-interest, consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to the Plaintiffs  and should be held liable in punitive and exemplary damages to Plaintiffs.   Defendants' conduct was specifically intended by Defendants to cause substantial injury to Plaintiff, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendant that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm. Additionally, Defendants' conduct constituted an aggravated assault upon Eddie Lee Winston, as defined by Sections 22.01 and 22.02 of the Texas Penal Code, to-wit:  Defendants intentionally, knowingly or recklessly caused serious bodily injury to the Plaintiffs herein and/or aided and abetted other

entities in committing said assaults.  Defendants and their predecessors-in-interest, consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to the Plaintiffs and should be held liable in punitive and exemplary damages to Plaintiffs.

## COUNT FOUR

### AIDING AND ABETTING ALLEGATIONS AGAINST ALL DEFENDANTS

25.   All of the factual allegations contained in the previous paragraphs are realleged herein.

26.   Additionally or in the alternative, Plaintiffs allege as follows: The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

27.   Each of the Defendants knew or should have known that its individual actions would combine to cause Plaintiffs' injuries.

28.   The actions of each of the Defendants is a proximate cause of Eddie Lee Winston's  injuries, disabilities and death.  As a result, all Defendants are jointly liable for the damage caused by their combined actions.

## COUNT FIVE

### NEGLIGENCE *PER SE* ALLEGATIONS AGAINST ALL DEFENDANTS

29.   All of the factual allegations contained in the previous paragraphs are realleged herein.

30.   Additionally or in the alternative, Plaintiffs allege as follows: The actions of all

defendants also constituted negligence *per se*.

31.   Each defendant violated federal and state regulations relating to asbestos exposure. Such violations constitute negligence *per se* or negligence as a matter of law.  Further, each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff.

32.   The negligence per-se of each Defendant was a proximate cause of Plaintiff's injuries.

## COUNT SIX

### ALLEGATIONS AGAINST PREMISES DEFENDANTS

33.   All of the factual allegations contained in the previous paragraphs are realleged herein.

34.   Additionally or in the alternative, Plaintiffs allege as follows: Eddie Lee Winston worked as a laborer, welder, painter, pipefitter, and shipfitter, while working at the Pascagoula Ship Yards in and around Pascagoula, MS and at various other work sites from approximately 1954 to 1993.

35.   As a laborer, welder, painter, pipefitter, and shipfitter, while working at the Pascagoula Ship Yards in and around Pascagoula, MS from approximately 1954 to 1993, Mr. Winston worked on and aboard various ships and vessels.

36.   The premises defendants sued herein (hereinafter collectively referred to as "***the Premises Defendants***"), are:

a.      INGALLS SHIPBUILDING, INC.;

      b.      LITTON INDUSTRIES, INC.; and

      c.      NORTHROP GRUMMAN.

37.    Subsequent and prior to the time ***the Premises Defendants*** caused asbestos products to be sold, used and/or placed on job sites, ***the Premises Defendants*** knew or in the exercise of ordinary care, should have known, that asbestos is deleterious, carcinogenic, and harmful to persons who were exposed to those asbestos products.

38.    Nevertheless, ***the Premises Defendants*** negligently and recklessly failed and refused to warn and advise Eddie Lee Winston of the dangerous characteristics thereof, and the dangers to the health and welfare of persons coming in contact with and breathing products. Even until the present, despite its knowledge of the presence of the asbestos products on job sites, possessed with information uniquely available to ***the Premises Defendants*** relating to the dangerous effects of continued asbestos exposure, ***the Premises Defendants*** have refused to provide that information to Eddie Lee Winston .

39.    Eddie Lee Winston suffered severe injuries, disability and damages due to his exposure to asbestos products used at facilities owned and operated and controlled by ***the Premises Defendants.***

40.    Asbestos fibers, once inhaled, cause repeated and continuing injury.

41.    ***The Premises Defendants*** are sued for negligently exposing Eddie Lee

Winston to asbestos on various jobsites owned, operated and controlled by *the Premises Defendants* and as a proximate result thereof caused Eddie Lee Winston's exposure to asbestos and resulting mesothelioma. *The Premises Defendants* knew or should have known of the hazards of asbestos at all times relevant to this action. *The Premises Defendants* were negligent in one or more of the following respects below:

(a)     in failing to timely and adequately warn its workers, including business invites, of the dangerous  characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)     in failing to provide Eddie Lee Winston  with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect workers and their families from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products

at its facilities;

(d)     in failing to maintain a reasonably safe workplace for its employees and business invites, such as Eddie Lee Winston , including change rooms, lockers and/or laundry facilities; and,

(e)     in failing to comply with Federal regulations governing the use and handling of asbestos materials, including but not limited to OSHA asbestos regulations, EPA asbestos regulations and the Walsh-Healed Act.

42.     **The *Premises Defendants*'** aforesaid acts, and the continued presence of asbestos products on its job sites, was a direct and proximate cause of Eddie Lee Winston's resulting severe injuries, disability, death and damages, as set forth more fully below.

## COUNT SEVEN

## ALLEGATIONS AGAINST EMPLOYER DEFENDANTS

43.     All of the factual allegations contained in the previous paragraphs are realleged herein.

44.     Additionally or in the alternative, Plaintiffs allege as follows: The employer defendants sued herein (hereinafter collectively referred to as "***the Employer Defendants***"), are:

a.      INGALLS SHIPBUILDING, INC.;

b.   LITTON INDUSTRIES, INC.; and

c.    NORTHROP GRUMMAN.

45.   ***The Employer Defendants*** are liable to the Plaintiffs.

46.   ***The Employer Defendants*** through their officers and employees, knew or should have known at least by 1930 that asbestos-containing products which they supplied, specified, installed and which were used extensively throughout the industrial and commercial jobsites on which they worked, were a health hazard to people who worked with and around them, and in the alternative, had no positive proof that prolonged exposure to asbestos was safe.

47.   ***The Employer Defendants*** are guilty of one or more of the following acts or omissions amounting to gross negligence:

(a)   ***The Employer Defendants*** were grossly negligent in furnishing asbestos-containing products to Plaintiff for use in his duties at the facility;

(b)   ***The Employer Defendants*** were grossly negligent in failing to warn Plaintiff about the known dangers of asbestos exposure at his job sites;

(c)   ***The Employer Defendants*** were grossly negligent in  failing to inform Plaintiff of their known potentially hazardous work place as a result of asbestos exposure;

(d)   ***The Employer Defendants*** were grossly negligent in  failing to

replace the hazardous asbestos-containing products with asbestos substitutes which they knew or should have known by 1930 were available;

(e)     *The Employer Defendants* were  grossly negligent in  failing to abate or contain the unsafe work environment although they knew or should have known in the 1930s that containment and abatement were available;

(f)     *The Employer Defendants* were grossly negligent in making Plaintiff work in dangerous areas of various job sites knowing that it posed a significant health hazard to people because of the friable and deteriorating condition of asbestos-containing products;

(g)     *The Employer Defendants* were grossly negligent in  failing to restrict Plaintiff from working in dangerous areas of the facility which had been identified as posing a significant health hazard because of the friable or deteriorating condition of asbestos-containing products;

(h)     *The Employer Defendants* were grossly negligent in  failing to provide any or adequate instructions concerning the safe methods of working with and around the products they supplied, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers;

(l)     *The Employer Defendants* were grossly negligent in  failing to

provide masks, respirators or other protective apparel to Plaintiff, thereby permitting Plaintiff to work around hazardous asbestos-containing material without protection; and

(j) **The Employer Defendants** were grossly negligent in failing to:

    (1) provide medical examinations (until the 1980s);

    (2) determine past asbestos exposure of its employees and workers and those who worked around its employees; and

    (3) identify those trades that came into contact with asbestos-containing products they supplied.

48.   In failing to act on each of these items as above, both individually and collectively, **the Employer Defendants** were grossly negligent in engaging in a course of conduct designed to actively conceal and suppress material facts knowing Plaintiff would rely on those facts to his detriment and cause him bodily harm.

49.   In failing to act on each of these items as above, both individually and collectively, **the Employer Defendants** were  grossly negligent in engaging in false and deceptive conduct of a material nature, knowing or believing said conduct to be false and doing it for the purpose of inducing Plaintiff to continue to work in its employ, causing his bodily harm.  Plaintiff reasonably believed and relied on **the Employer Defendants'** conduct to his detriment.

50.   As a direct and proximate cause of each of the foregoing acts or omissions,

active concealments and false representations, and grossly negligent conduct of **the Employer Defendants**, both individually and collectively, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers without his consent, causing Plaintiff to develop Mesothelioma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; Plaintiff experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, Plaintiff is hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him and his estate; further, Plaintiff's family has been deprived of his means of support and has lost the society of Plaintiff.

## DAMAGES

51.   All of the allegations contained in the previous paragraphs are realleged herein.

52.   The conduct of the Defendants, as alleged herein above, was a direct, proximate and producing cause of the damages resulting from the asbestos-related lung disease and death of Eddie Lee Winston, and of the following general and specific damages which Plaintiffs have sustained:

(a)    Damages to punish Defendants for their conduct, including but not limited to proximately causing Eddie Lee Winston's mesothelioma and death;

(b)    The conscious physical pain and suffering and mental anguish sustained by Eddie Lee Winston;

(c)    The physical impairment  suffered by Eddie Lee Winston;

(d)    The disfigurement suffered by Eddie Lee Winston;

(e)    Reasonable and necessary medical expenses incurred by Plaintiffs and by Plaintiffs' decedent;

(f)    Eddie Lee Winston's  lost earnings and net accumulations;

(g)    Past and future loss of the care, maintenance, services, support, advice, counsel, companionship, society and consortium, which Bernice Lofton Winston and Plaintiffs received prior to Eddie Lee Winston's illness;

(h)    Past and future mental anguish as a consequence of the death of Eddie Lee Winston, including but not limited to observing the illness and death of Eddie Lee Winston;

(I)    Punitive and exemplary damages;

(j)    All damages due as a result of the breach of any contractual agreement to settle the claims brought in this lawsuit, including reasonable attorneys' fees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for punitive and exemplary damages, for their costs expended herein, for prejudgment interest from the date of Plaintiffs' exposure to asbestos-containing products, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

s/Julie L. Rhoades
Julie L. Rhoades
Texas Bar No. 16811710
S. Dist. Bar No. 12383
MATTHEWS & ASSOCIATES
2905 Sackett St.
Houston, TX 77098
713.522.5250 – phone
713.535.7184 – fax
Jrhoades@thematthewslawfirm.com

Of Counsel:

David P. Matthews
Texas State Bar No. 13206200
Bradford J. Gilde
Texas State Bar No. 24045941
MATTHEWS & ASSOCIATES
2905 Sackett St.
Houston, TX 77098
713.522.5250 – phone
713.535.7184 – fax
dmatthews@thematthewslawfirm.com
bgilde@thematthewslawfirm.com